# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 23, 2010

No. 10-30010
Summary Calendar

Lyle W. Cayce
Clerk

JOSEPH SANDOVAL,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-3060

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Joseph Sandoval, Louisiana prisoner # 395773, appeals the district court's denial of his 28 U.S.C. § 2254 petition, challenging his convictions for distribution of heroin and possession with intent to distribute heroin. The district court granted a certificate of appealability on the issue whether the failure of the trial judge, Judge Ronald Bodenheimer, to recuse himself constituted structural error.

The district court must defer to the state court's adjudication on the merits of an applicant's claims unless the state court's adjudication was "contrary to"

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or involved an "unreasonable application" of clearly established federal law as determined by the Supreme Court or was based on an unreasonable determination of the facts. *See Miniel v. Cockrell*, 339 F.3d 331, 336 (5th Cir. 2003); § 2254(d)(1), (2). This court reviews the district court's findings of fact for clear error and its conclusions of law de novo. *Buntion v. Quarterman*, 524 F.3d 664, 670 (5th Cir. 2008).

Sandoval argued that Judge Bodenheimer should have recused himself due to an ongoing criminal investigation against him. Sandoval did not allege that the judge had an actual bias against him or that the judge's alleged bias resulted in any specific erroneous rulings in his trial. *See Bracy v. Gramley*, 520 U.S. 899, 909 (1997). He has not shown presumptive bias, such as when the judge has a direct interest in the outcome of the case, the judge has been subject to abuse by the party before him, or the judge had a dual role of investigating and adjudicating disputes. *See Buntion*, 524 F.3d at 672. He has not shown that there was an appearance of impropriety that rose to the level of a due process violation. *See Richardson v. Quarterman*, 537 F.3d 466, 476-79 (5th Cir. 2008). His allegation that bias existed because a detective, who testified at his trial, also investigated Judge Bodenheimer is unpersuasive; it does not establish that the judge had an actual or presumptive bias or an appearance of bias that required recusal. Sandoval has not shown that the outcome of his case had any potential to affect the outcome of the unrelated case against Judge Bodenheimer. Therefore, he has not shown that the district court erred in holding that because there was no direct or presumptive bias, there was no structural error. *See Richardson*, 537 F.3d at 478. The district court did not err in determining that the state court's decision was not "contrary to" or an "unreasonable application" of clearly established federal law as determined by the Supreme Court. *See Miniel*, 339 F.3d at 336-37.

AFFIRMED.